IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-41-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LAMONT LONG, JR., | ) | |
| | ) | |
| Defendant. | ) | |

On August 25, 2020, Lamont Long, Jr. ("Long") moved pro se for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) [D.E. 60]. On February 24, 2021, the government responded in opposition [D.E. 67]. As explained below, the court denies Long's motion for reduction of sentence.

I.

On October 3, 2016, Long pleaded guilty to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base (crack). See [D.E. 1, 28]. On April 5, 2017, the court held Long's sentencing hearing. See [D.E. 43]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and overruled Long's objections. See Sent. Tr. [D.E. 55] 4, 32–35; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Long's total offense level to be 33, his criminal history category to be VI, and his advisory guideline range to be 235 to 293 months' imprisonment. See Sent. Tr. [D.E. 55] 4–37. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Long to 264 months' imprisonment. See id. at 45–49; [D.E. 49]. Long appealed. See [D.E. 45]. On November 15, 2017, the United States Court of Appeals for the Fourth Circuit affirmed Long's conviction and sentence. See United States v. Long, 701 F. App'x 286, 287 (4th Cir. 2017) (per curiam) (unpublished).

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack) necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id. § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act

2

denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020 ) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

Long engaged in the conspiracy from approximately September 2012 to June 20, 2013. Long's October 2016 conviction is not a covered offense under section 404(a) of the First Step Act because he was not convicted of an offense whose statutory penalties were modified by the Fair Sentencing Act that was committed before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222; United States v. McDonald, 986 F.3d 402, 404 (4th Cir. 2021) ("The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010.") (quotation omitted). Accordingly, Long is not entitled to relief under the First Step Act.

Alternatively, even if the court has discretion, it would not reduce Long's sentence. The court has completely reviewed the entire record, the parties' arguments, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310

1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Long's offense conduct, Long engaged in prolonged, serious drug dealing between December 2010 and 2013 (other than while incarcerated). See PSR [D.E. 39] ¶¶ 4–9. As a member of the United Blood Nation, Long trafficked narcotics in Raleigh, North Carolina, and was accountable for distributing 4.06 kilograms of cocaine and 1.005 kilograms of cocaine base (crack). See id. Long also possessed a firearm in connection with his drug trafficking activities. See id. In March 2013, Long threatened to kill his narcotics supplier because Long was dissatisfied with the quality of cocaine and cocaine base being provided, and Long solicited his associates to help him carry out the killing. See id. ¶¶ 8, 65. Long also is a violent recidivist with convictions for possession of cocaine, possession with intent to sell and deliver cocaine, assault, possession of a firearm by a felon, driving while license revoked (eight counts), reckless driving with wanton disregard, possession of an open container or consuming alcohol in the passenger area, possession with intent to sell and deliver crack cocaine, reckless driving to endanger, and resisting a public officer. See id. ¶¶ 14–28. Long also has performed poorly on supervision and has an almost non-existent work history. See id. ¶¶ 14–15, 18, 27–28, 45–58. In light of Long's prolonged, serious criminal conduct, terrible criminal record, horrible performance on supervision, the need to promote respect for the law, the need to deter others, the need to protect society, and the need to incapacitate Long, the court declines to reduce Long's sentence. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the advisory guideline range, it still would not reduce Long's sentence in light of the entire record and the section 3553(a)

4

factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court DENIES Long's motion for reduction of sentence [D.E. 60].

SO ORDERED. This _30_ day of March 2021.

*J. Dever*
JAMES C. DEVER III
United States District Judge