IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-41-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LAMONT LONG, | ) | |
| | ) | |
| Defendant. | ) | |

On April 5, 2021, Lamont Long ("Long" or "defendant") filed a motion "to challenge the sentencing court's subject-matter jurisdiction to enhance [his] sentence using un-charged conduct" [D.E. 70]. The United States has not filed any response to the motion.

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The court may convert Long's motion into a section 2255 petition if Long consents. See Castro v. United States, 540 U.S. 375, 377 (2003). However, a "court cannot ... recharacterize a pro se litigant's motion as the litigant's first [section] 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent [section] 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Id. (emphasis omitted); see United States v. Blackstock, 513 F.3d 128, 134–35 (4th Cir. 2008).

Having concluded that Long's motion should be converted into a section 2255 motion, the court gives Long until June 4, 2021, to express his consent to the conversion or to withdraw or amend his motion. See Castro, 540 U.S. at 383. The clerk shall send Long a form section 2255 motion to assist him in formulating his response. The court also informs Long that second or successive motions under section 2255 are generally prohibited, and would have to be certified by a panel of the appropriate court of appeals under limited circumstances. See 28 U.S.C. § 2255(h). Certification for second or successive motions to vacate is rarely granted. Finally, the court informs Long that the Antiterrorism and Effective Death Penalty Act provides that section 2255 motions have a one-year limitation period. See id. § 2255(f). Thus, the court expresses no opinion as to the timeliness of Long's motion.

If Long consents to the conversion, the clerk will open a related civil case. The United States shall have until June 25, 2021, to file a response. If Long fails to respond to this order, the court will not recharacterize the motion as arising under section 2255. Instead, the pending motion will be denied without prejudice without further order of the court.

SO ORDERED. This 13 day of May 2021.

JAMES C. DEVER III
United States District Judge