IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-41-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LAMONT LONG, JR., | ) | |
| | ) | |
| Defendant. | ) | |

On June 22, 2021, Lamont Long, Jr. ("Long" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 72]. That same day, the court appointed counsel for Long pursuant to standing order 19-SO-3 [D.E. 73]. On February 21, 2022, Long, through counsel, filed an amended motion [D.E. 75] with documents in support [D.E. 76]. On April 20, 2022, the government responded in opposition [D.E. 84]. On April 27, 2022, Long replied [D.E. 85]. As explained below, the court denies Long's motion.

I.

On October 3, 2016, Long pleaded guilty to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base ("crack"). See [D.E. 1, 28]. On April 5, 2017, the court held Long's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sent. Tr. [D.E. 55] 4; PSR [D.E. 39]. The court resolved the parties' objections to the PSR and calculated Long's total offense level to be 33, his criminal history category to be VI, and his advisory guideline range to be 235 to 293 months' imprisonment. See PSR ¶¶ 73, 75; Sent. Tr. at 4–37. After considering the arguments of counsel

and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Long to 264 months' imprisonment. See [D.E. 49] 2; Sent. Tr. at 45–49. Long appealed. See [D.E. 45]. On November 15, 2017, the United States Court of Appeals for the Fourth Circuit affirmed Long's conviction and sentence. See [D.E. 56–57]; United States v. Long, 701 F. App'x 286, 287 (4th Cir. 2017) (per curiam) (unpublished).

On August 25, 2020, Long moved pro se for a reduction of sentence under the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) [D.E. 60]. On March 30, 2021, the court denied Long's motion [D.E. 69].

On April 5, 2021, Long moved pro se "to challenge the sentencing court's subject-matter jurisdiction to enhance [his] sentence using un-charged conduct" [D.E. 70]. On May 13, 2021, the court concluded that Long's motion should be converted into a section 2255 motion and gave Long until June 4, 2021, to consent. See [D.E. 71]. Long did not file a timely response, and the motion was terminated.

On June 22, 2021, Long moved for compassionate release [D.E. 72]. The government opposes the motion [D.E. 84].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271,

2

275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3;

3

McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

Long applied to the warden for compassionate release and received a denial on January 12, 2022. See [D.E. 75-1]. The government does not invoke the section 3582(c)(1)(A) exhaustion requirements. See [D.E. 84] 5. Therefore, the court addresses Long's motion on the merits. Muhammad, 16 F.4th at 130.

Long seeks compassionate release pursuant to section 3582(c)(1)(A). He cites the COVID-19 pandemic, his medical condition (obesity), his release plan, and his desire to care for his ailing mother and father. See [D.E. 75] 6–17, 19–22; [D.E. 75-2]; [D.E. 75-3]; [D.E. 76]; [D.E. 85].[1]

---

[1] On July 22, 2021, Long moved for compassionate release on the ground that the court unconstitutionally included a two-point enhancement for possession of a firearm under U.S.S.G. §

4

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Long is 38 years old and is obese. See PSR ¶ 36; [D.E. 75] 11–13; [D.E. 76] 15. He does not argue that the BOP is not providing needed treatment for his obesity or that he is unable to manage his obesity while incarcerated.

Long argues that his obesity puts him at heightened risk of serious infection or death from COVID-19. See [D.E. 75] 11–17. However, Long has received two doses of the COVID-19 vaccine and one dose of the booster. See [D.E. 76] 16; [D.E. 84] 5. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from

---

2D1.1(b)(1) when calculating his advisory guidelines range. See [D.E.72] 2–3. However, Long does not raise this argument in his amended motion. See [D.E. 75]. During Long's sentencing hearing on April 5, 2017, the court overruled Long's objection to the firearm enhancement. See Sent. Tr. at 34–35. On November 15, 2017, the United States Court of Appeals for the Fourth Circuit affirmed Long's conviction and sentence. See [D.E. 56–57]; Long, 701 F. App'x at 287. Thus, the court rejects Long's argument as meritless.

5

COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Long from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Long's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "family circumstances" policy statement, it does not apply to a desire to care for parents. See U.S.S.G. § 1B1.13 cmt. n.1. Nonetheless, the court considers Long's desire to care for his father and mother under the "other reasons" policy statement and assumes without deciding that it is an extraordinary and compelling reason.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Long's obesity, his release plan, and his desire to care for his father and mother are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v.

6

Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Long's sentence. See Hargrove, 30 F.4th at 198–99; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

Long is 38 years old and is incarcerated for conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base ("crack"). See PSR ¶¶ 1–9. Long engaged in prolonged, serious drug dealing between 2010 and 2013. See id. ¶¶ 4–9. As a member of the United Blood Nation, Long trafficked 4.068 kilograms of cocaine and 1.005 kilograms of cocaine base ("crack"). See id.; [D.E. 47]. Long also possessed a firearm in connection with his drug activities. See PSR ¶ 9. In March 2013, Long threatened to kill his drug supplier over a dispute about a cocaine sale, and Long solicited his associates to help him carry out the killing. See id. ¶¶ 8, 65. Long is a violent recidivist. See id. ¶¶ 4, 14–28. Before his federal conviction, Long received felony convictions for possession of cocaine, possession with intent to sell and deliver cocaine, possession with intent to sell and deliver cocaine base ("crack"), and possession of a firearm by a felon. See id. ¶¶ 14–15, 18, 25. Long also received misdemeanor convictions for assault, resisting a public officer, driving while license revoked (nine counts), reckless driving with wanton disregard, reckless driving to endanger, possession of an open container or consuming alcohol in the passenger area, and driving while impaired. See id. ¶¶ 16–17, 19–24, 26–28. Long has performed poorly on supervision, having had his probation revoked four times. See id. ¶¶ 14–15, 18, 27.

Long has made some positive efforts while federally incarcerated. He has taken classes on parenting and drug education, among other topics, and has agreed to participate in a financial responsibility program. See [D.E. 75] 19; [D.E. 75-5]; [D.E. 85] 6. However, in February 2018,

7

Long incurred a disciplinary infraction for fighting with another person. See [D.E. 75-6].

The court must balance Long's serious and violent criminal conduct, his serious and violent criminal history, his largely poor performance on supervision, his mixed performance in custody, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Long's potential exposure to COVID-19, his obesity, his release plan, and his desire to help his parents. Long has a release plan that includes living with his mother and seeking employment at a shoe store. See [D.E. 75] 20. The court recognizes Long hopes to care for his ill mother and father. See [D.E. 75] 20; [D.E. 75-2]; [D.E. 75-3]; [D.E. 85] 7. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Long's arguments, the government's persuasive response, the need to punish Long for his serious criminal behavior, to incapacitate Long, to promote respect for the law, to deter others, and to protect society, the court denies Long's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 72, 76].

8

SO ORDERED. This 23 day of September, 2022.

                                                           JAMES C. DEVER III
                                                         United States District Judge